UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

UNITED STATES OF AMERICA,

-v-

DENARD BUTLER,

                      Defendant.

------------------------------------------

19 Cr. 834-10 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a request from counsel for defendant Denard Butler seeking Butler's compassionate release from the Metropolitan Detention Center ("MDC") in Brooklyn, New York, pursuant to 18 U.S.C. § 3582(c), in light of the heightened risk that the COVID-19 pandemic presents for him. Dkt. 453. The Government opposes this request. Dkt. 458.

Butler has been in prison since January 30, 2019. On June 5, 2019, he pled guilty to one count of participating in a racketeering conspiracy for his involvement in the Brooklyn-based Nine Trey Gangsta Bloods gang. On January 30, 2020, this Court sentenced Butler to a term of 60 months' imprisonment to be followed by three years' supervised release.

On April 3, 2020, Butler filed a letter motion seeking a modification of his sentence on grounds relating to the COVID-19 pandemic. Dkt. 453. Butler asks the Court to modify his sentence to enable him serve the remainder of his prison term—approximately 45 months—in home confinement. Dkt. 453. Butler notes that he suffers from asthma and bradycardia, a heart condition. He argues that removing him from the MDC would reduce the risk that he will contract COVID-19. *Id.*

On April 6, 2020, the Government filed a letter in opposition. Dkt. 458. It opposes Butler's early release for reasons including that Butler has yet to serve the bulk of his sentence, that he has a long and violent criminal history, and that his instant offense is serious. *Id.*

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Here, the Government argues, at the threshold, that Butler's motion should be denied because he has failed to exhaust his administrative remedies, in that the BOP had not made a final decision and 30 days have not elapsed since Butler moved for compassionate release Dkt. 458. The Court need not reach this argument, however, because the Court concludes that a reduction of Butler's sentence is not warranted for two independent reasons. Such a reduction would not be "consistent with the applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor would it be supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a

sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1] U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

The first of these factors favors Butler's early release. The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration. COVID-19 presents a heightened risk for incarcerated defendants like Butler with respiratory and cardiac ailments. The Centers for Disease Control warns that persons with asthma[2] and serious heart conditions[3] are at high risk of serious illness if they contract the disease. Further, the crowded nature of federal detention centers such as the MDC present an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[4] And, realistically, a high-risk inmate who contracts the virus while in prison

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *Ebbers*, 2020 WL 91399, at *1, 4.

[2] *See People with Moderate to Severe Asthma*, Ctrs. for Disease Control and Prevention (Mar. 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.

[3] *See Underlying Conditions: High-Risk Conditions*, Ctrs. for Disease Control and Prevention (April 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html

[4] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2

will face challenges in caring for himself. For these reasons, in the past two weeks, numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody.[5]

The Court cannot find, however, that Butler "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). First, the underlying conduct that led to Butler's sentence in this case gravely endangered the safety of the community. As a member of the Nine Trey gang, Butler participated in three incidents in March and April 2018 during which other gang members either brandished or fired gunshots in public spaces, including Times Square and the Barclays Center. While Butler was a secondary player in these incidents, as the Court noted at his sentencing, he willingly participated in conduct that "endangered not only the

---

(Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[5] *See, e.g.*, *United States v. Chandler*, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Hernandez*, No. 19 Cr. 169 (VM), 2020 WL 1503106, at *1 (S.D.N.Y. Mar. 30, 2020) (granting bail application, pursuant to § 3142(i), of 64-year-old defendant with asthma and high blood pressure that placed him "at a substantially heightened risk of dangerous complications should he contract COVID-19"); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

gang's intended target[s] but members of the public in the vicinity. Each time somebody easily could have gotten wounded, maimed or even killed." Dkt. 433 at 24–25.

Second, Butler's criminal records reflects a pattern of violent and dangerous conduct. He has two convictions, two years apart, for criminal possession of a loaded firearm, and a conviction for robbery in the first degree and criminal possession of a loaded firearm for which he was sentenced to 12 years' imprisonment. While the prospect of contracting COVID-19 undeniably presents a serious risk to Butler's health, his release some 45 months early at least equally exposes the community to a serious risk that he would resume violence.

The Court further cannot find that the application of the § 3553(a) factors favors such an early release. Two such factors, to be sure, are the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). These factors favor Butler's early release in light of the COVID-19 pandemic for the reasons discussed above. But they are outweighed by the combined force of several other factors: "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." For the reasons stated in detail at Butler's sentencing, Dkt. 433, which the Court incorporates by reference, a sentence in the range of 60 months imprisonment was necessary to achieve those goals. Converting Butler's sentence to one of home confinement, when he has served just 15 months of a 60-month term of incarceration, would disserve these important § 3553(a) factors. In this respect, Butler's case is far cry from those in which this Court in the past week, given the changed circumstances presented by COVID-19, has ordered or urged the BOP to approve compassionate release for defendants who had served a substantial

majority of their sentences. *See, e.g., United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (ordering compassionate release of co-defendant of Butler's who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. Jasper*, Dkt. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant who had served all but 34 days of a 4-month sentence); *United States v. Knox*, 15 Cr. 445 (PAE), Dkt. 1078 (S.D.N.Y. April 2, 2020) (recommending that BOP approve the compassionate release of defendant who has served all but 7 months of an 88-month sentence).

Accordingly, finding that Butler continues to pose a danger to the community and that the § 3553(a) factors do not support a reduction of sentence, the Court denies Butler's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 7, 2020
      New York, New York