

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 22, 2022

**BY ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Denard Butler*, S9 18 Cr. 834 (PAE)

Dear Judge Engelmayer:

    The Government writes in response to defendant Denard Butler's (the "defendant" or "Butler") February 22, 2022 renewed motion for early release (the "Motion"). (ECF No. 621.) For the reasons set forth below, the Government opposes the defendant's request. The defendant argues that the conditions of confinement stemming from COVID-19-related restrictions justify a reduction in his sentence. For the reason set forth below, the Motion should be denied because the defendant has not established extraordinary and compelling reasons justifying his release and the Section 3553(a) factors do not support the defendant's early release, as the defendant committed a very serious offense, while on parole for another violent crime.

    The Government incorporates and reasserts the arguments set forth in its April 6, 2020 and August 9, 2021 letters opposing the defendant's original and renewed motions for early release (ECF Nos. 458, 607), and will focus its response to the new arguments made by the defendant in the Motion.

    The defendant contends that the conditions at USP Allenwood – specifically, frequent lockdowns during the COVID-19 pandemic justify a reduction in is sentence.[1] (ECF No. 621 at

---

[1] The defendant notes that he was due to be transferred to a residential re-entry center on or about November 5, 2022. (ECF No. 621 at 4.) Upon receiving the Court's Order to respond to the Motion, the Government obtained the defendant's medical and disciplinary record. The disciplinary record shows that July 27, 2022, the defendant was found guilty of disruptive conduct. As punishment, the defendant lost 27 days of good time credit and lost email privileges for eight months. He was also given 90 days in disciplinary segregation, but that punishment was suspended for six months. In light of this infraction, the Government conferred with the Bureau of Prisons to determine whether this had any effect on the defendant's transfer to a residential re-entry center. The BOP advised that the defendant is currently scheduled to be transferred to a residential re-

4–5.)  The defendant's contention, however, is generalized and applies to every other inmate at USP Allenwood.  This generalized complaint cannot support a finding of extraordinary and compelling reasons justifying early release.  *See e.g.*, *United States v. Pinto-Thomaz*, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. April 13, 2020) (rejecting § 3582 claim advanced, in part, on the basis of "unexpectedly 'harsh'" conditions of confinement); *see also United States v. Wright*, No. 10-CR-6128, 2021 WL 5109661, at *3 (W.D.N.Y. Nov. 3, 2021) (rejecting claim that Covid-19 lockdown conditions presented an extraordinary and compelling reason for compassionate release); *United States v. Davidson*, No. 15-CR-288, 2022 WL 484829, at *3 (S.D.N.Y. Feb. 17, 2022) (denying compassionate relief where defendant alleged, inter alia, the Pandemic had resulted in "no programming at all, no access to mental health, very limited medical care, long periods without any rec and extended periods of lockdown") (collecting cases).

   Even if the defendant established extraordinary and compelling reasons justifying his early release, the Section 3553(a) factors do not warrant his early release.  As detailed in the Government's April 6, 2020 opposition, the defendant committed serious, violent crimes – including an armed robbery – as part of the Nine Trey Gangsta Bloods while he was on parole after serving nearly eight years' imprisonment for another robbery conviction.  (ECF No. 458 at 2, 8.)  The defendant committed these crimes while he was in his mid-thirties.  Thus, the Court's sentence of 60 months' imprisonment – well below the defendant's Guidelines' range – was and remains necessary to deter the defendant from committing future crimes, to deter others from participating in violent, gang activity, and to protect the public from this defendant.

   Accordingly, because (1) the defendant has failed to establish extraordinary and compelling reasons justifying his release; and (2) the Section 3553(a) factors do not support the defendant's early release, the defendant's renewed motion for early release should be denied.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney


                                          by:  _s/_____
                                                Michael D. Longyear
                                                Jonathan E. Rebold
                                                Assistant United States Attorneys
                                                (212) 637-2223 / 2512

---

entry center in December, though it observed that the date could vary depending on various factors, including bed space at the center.

cc: Denard Butler
    Reg. No. 86554-054
    USP Allenwood
    U.S. Penitentiary
    P.O. Box 3000
    White Deer, PA 17887