UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

DENARD BUTLER,

Defendant.

18-CR-834-10 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a *pro se* motion from defendant Denard Butler, seeking, for the third time, compassionate release from the United States Penitentiary in Allenwood, Pennsylvania ("USP Allenwood"),[1] pursuant to 18 U.S.C. § 3582(c). Dkt. 621 ("Mot."). The Government opposes this request. Dkt. 663 ("Opp.").

Butler has been in prison since January 30, 2019. On June 5, 2019, he pled guilty to one count of participating in a racketeering conspiracy, based on his involvement in the Brooklyn-based Nine Trey Gangsta Bloods gang. As a member of the gang, Butler participated in three violent incidents in March and April 2018, during which other gang members either brandished or fired gunshots in public spaces, including in Times Square and the Barclays Center. On January 30, 2020, this Court sentenced Butler to a term of 60 months' imprisonment, to be followed by three years' supervised release. Dkt. 414.

---

[1] Butler states in his motion that the Bureau of Prisons ("BOP") had advised him that he would be placed in a halfway house in November 2022. Mot. at 3. The Government states in its opposition that the BOP had more recently represented that Butler was scheduled to be transferred to a residential re-entry center in December 2022, but that the date of transfer "could vary depending on various factors." Opp. at 1 n.1.

On April 3, 2020, Butler filed his first compassionate release motion, seeking a modification of his sentence to enable him to serve the remainder of his prison term in home confinement. Dkts. 453, 454. On April 7, 2020, the Court denied the motion. Dkt. 461. The Court noted that the COVID-19 pandemic posed a heightened risk for incarcerated defendants such as Butler, who reported cardiac and respiratory ailments. *Id.* at 3–4. But, decisively, the Court could not find that Butler did not present a danger to the community. The Court noted the repeated violent acts underlying his conviction and sentence in this case, as well as his two earlier convictions for criminal possession of a loaded firearm and for robbery in the first degree and criminal possession of a loaded firearm. *Id.* at 4–5. Although Butler was a "secondary player" in the incidents at issue in this case, the Court noted, Butler nonetheless "willingly participated" in conduct that "gravely endangered the safety of the community." *Id.* at 4. The Court also found that application of the 18 U.S.C. § 3553(a) factors did not favor early release. *Id.* at 5.

On August 2, 2021, Butler filed his second motion for compassionate release. Dkt. 606. On August 11, 2021, the Court denied that motion, for substantially the same reasons as it had denied the first. Dkt. 608. The Court found that Butler's heightened risk of contracting COVID-19 no longer could bear significant weight in the § 3553(a) calculus given his decision not to receive the COVID-19 vaccine. *Id.* at 2. The Court noted that the unexpected difficulties presented by the pandemic could justify some reduction of Butler's sentence, but that it was premature at that point to measure the extent of such a reduction. *Id.*

In the instant motion, his third, Butler argues that the heightened restrictions and lockdown measures at USP Allenwood due to the COVID-19 pandemic have made his sentence "significantly harsher and more punitive" than it would have been in other circumstances,

warranting his earlier release or a reduction of his sentence. Mot. at 3. He states that he has a "spotless" disciplinary record and has participated, to the extent possible during the pandemic, in various BOP rehabilitation and educational programs, demonstrating that he is ready to re-enter the community. *Id.* at 5. Butler states that he has continued to elect to forego the COVID-19 vaccine. *Id.* at 3.

The Government opposes Butler's motion. It argues that Butler's arguments based on the pandemic are too generalized to justify early release and that the § 3553(a) factors counsel against early release. Opp. at 1–2. In addition, the Government states that Butler's disciplinary record reflects that, after he made the pending request for compassionate release, he was found guilty of disruptive conduct and lost 27 days of good time credit, lost email privileges for eight months, and was ordered to be placed in disciplinary segregation for 90 days. *Id.* at 1 n.1.

Under § 3582(c)(1)(A), "upon motion of the defendant," and "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," the Court may reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Originally, § 3582(c)(1)(A) did not permit defendants to initiate compassionate release proceedings and instead required the BOP to seek such release on their behalf. *United States v. Phillibert*, 557 F. Supp. 3d 456, 459 (S.D.N.Y. 2021). However, "[a]s part of the First Step Act of 2018, Congress authorized courts to reduce a term of imprisonment upon motion by a defendant." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (per curiam).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in a prison sentence. *United*

*States v. Brooker*, 976 F.3d 228, 232 (2d Cir. 2020) (citing 28 U.S.C. § 994(t)). The Commission did so in U.S.S.G. § 1B1.13 and its commentary, which, *inter alia*, (1) define various circumstances that present extraordinary and compelling reasons justifying release; and (2) require that a defendant not be a danger to the safety of the community. U.S.S.G. § 1B1.13(1)–(3) & cmt. n.1. However, the guidance under this provision applies only to a "motion of the Director of the Bureau of Prisons." *Id.* § 1B1.13. Accordingly, the Second Circuit has held that U.S.S.G § 1B1.13 "is not applicable to compassionate release motions brought by defendants," rather than by the BOP, and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling" in such cases. *Brooker*, 976 F.3d at 236 (internal quotation marks omitted); *see also id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Thus, when assessing a motion such as the one here, brought directly by an imprisoned defendant rather than by the BOP, the Court is not constrained by § 1B1.13's enumeration of extraordinary and compelling reasons and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *Id.* at 237. Even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

      The Court has carefully reviewed Butler's motion and finds a reduction in his sentence unwarranted. To be sure, Butler has served approximately 48 months of his 60-month sentence. Thus, his release today would shorten his prison term far less than granting his first or second such motions would have. But, for largely the same reasons cited in the denials of Butler's previous requests, the governing standards do not justify his release.

First, Butler has not demonstrated that extraordinary and compelling circumstances warrant his release. Although the pandemic likely negatively impacted all federal prisoners, Butler has not demonstrated concretely that the prison conditions he faced at USP Allenwood were especially severe, so as to rise to the level of extraordinary and compelling circumstances justifying early release. And, to the extent that Butler relies on his heightened risk of contracting COVID-19 as a basis for compassionate release relief, that claim cannot be taken seriously, to the degree it is addressed to the period after vaccines became available. As the Court concluded in denying his second motion for release, given his decision to forego the potentially life-saving vaccine, Butler "cannot reasonably claim that his increased risk exposure to COVID-19 warrants a sentence reduction when he has declined to take the one action that—incarcerated or not— would materially reduce the risks to him from COVID-19." Dkt. 608 at 2.

Second, the § 3553(a) factors, in totality, do not justify a reduction in the original sentence. Two factors—the "history and characteristics of the defendant," and the need "to provide the defendant with needed . . . medical care," 18 U.S.C. § 3553(a)(1), (2)(D)—can be viewed as mitigating in light of the pandemic, albeit to a limited degree given Butler's rejection of the vaccine, *see* Dkt. 608 at 2 (stating that Butler's heightened risk of contracting COVID-19 can no longer "merit significant weight in the § 3553(a) calculus"). However, as set out in detail at Butler's sentencing, Dkt. 433, and in the Court's denial of Butler's first application for compassionate release, Dkt. 461, other factors outweigh these. In particular, the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), and the need for the sentence imposed to "reflect the seriousness of the offense," to "provide just punishment for the offense," and to "protect the public from further crimes of the defendant," *id.* § 3553(a)(2), strongly support the 60-month sentence, which the Court imposed after considered attention to the § 3553(a) factors.

Butler took part in public acts of violence in connection with retaliatory and vicious conduct that endangered members of the public. As a matter of just punishment, this conduct demanded at the time of sentencing, and demands today, a substantial sentence. And because Butler engaged in these crimes undeterred by his prior convictions and sentences, the § 3553(a) factors of public protection and specific deterrence weigh heavily, too. Butler's recent disciplinary infraction, although not decisive here, reinforces the continuing public interest in specific deterrence and public protection.

    For these reasons, the Court denies Butler's motion for compassionate release.

    The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 621.

SO ORDERED.

                                                          PAUL A. ENGELMAYER
                                                          United States District Judge

Dated: December 27, 2022
       New York, New York